NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DICRAJ SINGH, AKA Dilraj Singh<br><br>  Petitioner,<br><br> v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>  Respondent. | No.  16-70495<br><br>Agency No. A205-420-843<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018[**]
San Francisco, California

Before:  SILER[***], PAEZ, and IKUTA, Circuit Judges.

Dicraj Singh petitions for review of an order of the Board of Immigration

Appeals ("Board") dismissing his appeal from an Immigration Judge's ("IJ")

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

decision denying his applications for asylum, withholding of removal, and protection under Article III of the Convention Against Torture ("CAT"). For the reasons stated below, we deny the petition.

1. The Board relied upon the IJ's adverse credibility determination in upholding the denial of Singh's applications for asylum and withholding of removal. We review that determination for substantial evidence, upholding the adverse credibility finding "unless the evidence *compels* a contrary result." *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007). In this case, the IJ noted, and the Board incorporated, "specific examples" of Singh's non-responsive behavior and suspect demeanor. *Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017) (citation omitted). Therefore the IJ's finding that Singh's demeanor undermined his credibility was supported by substantial evidence. Substantial evidence also supports the IJ's finding, and the Board's incorporation, that Singh provided inconsistent testimony regarding the number of threats he received, and the details of the August 2011 and January 2012 attacks. *See Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010) (holding that "when an inconsistency is at the heart of the [asylum] claim it doubtless is of great weight").

2. The IJ referenced Singh's nontestimonial evidence in the record and gave "specific, cogent reason[s]" for giving it less weight. *Lin v. Gonzales*, 434 F.3d 1158, 1162 (9th Cir. 2006). The IJ could reasonably conclude that the value of the

2

letter from Simranjit Singh Mann of the SADM party was reduced by the fact that Singh's specific party activities were not mentioned in the letter, and the value of the medical evidence was reduced by inconsistencies in Singh's testimony about how he obtained the injuries. The IJ could also reasonably conclude that the value of the affidavits submitted by family members was reduced because the affiants could not be cross-examined. Based on these findings, the agency did not err in holding that Singh's evidence was insufficient to meet his burden to show past persecution or a well-founded fear of future persecution. We therefore deny Singh's petition with respect to his asylum and withholding of removal claims.

3. With respect to Singh's request for protection under CAT, the Board held that Singh did not meet the burden of proving "that it is more likely than not that [he] would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2); *see Unuakhaulu v. Gonzales*, 416 F.3d 931, 939 (9th Cir. 2005). Substantial evidence supports the Board's conclusion that Singh failed to demonstrate that anyone in India will, more likely than not, torture him with the government's consent or acquiescence.

First, record evidence supports the IJ's finding that Singh could reasonably relocate within India to avoid any potential future threat of harm from the Punjabi police. Second, Singh did not identify specific evidence to show that anyone in the Indian government is interested in torturing him. Singh claimed that "abundant

3

background documents all indicate that impunity and torture continues in the Punjab and that the police torture detainees." However, such claims are insufficient to meet the burden of demonstrating a "particularized threat of torture." *See Almaghzar v. Gonzales*, 457 F.3d 915, 923 (9th Cir. 2006) (explaining that although State Department reports "confirm[ed] that torture takes place" in the petitioner's home country, they did not compel the conclusion that the petitioner would face a particularized threat of torture). Finally, the IJ also identified several inconsistencies in Singh's testimony regarding the alleged incidents of torture. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003) (denying CAT relief where an alien's claims under the CAT were based on the same statements in support of asylum and withholding of removal that the Board determined to be not credible); 8 C.F.R. § 208.16(c)(3). We therefore deny Singh's petition for withholding of removal under CAT.

**PETITION FOR REVIEW DENIED.**

4